UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD HUTCHINGS, Individually, and on Behalf of All Others Similarly Situated, ) ) ) | CASE NO. 1:13 CV 00569 |
| Plaintiffs, ) ) ) | JUDGE DONALD C. NUGENT |
| v. ) ) | |
| NATIONSTAR MORTGAGE, LLC; and NATIONSTAR MORTGAGE HOLDINGS, INC., ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. ) | |

This matter is before the Court upon Defendants Nationstar Mortgage, LLC ("Nationstar") and Nationstar Mortgage Holdings, Inc.'s ("NM Holdings") Motion to Dismiss First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #21). This case arises out of a dispute over the acquisition of flood insurance by Nationstar. Nationstar contends that Plaintiffs' first amended complaint fails to state claims upon which relief may be granted. For the reasons that follow, Defendants' Motion to Dismiss is DENIED.

## FACTS

This case involves the acquisition of a lender-placed flood insurance policy ("LPI") by Nationstar after Mr. Hutchings failed to obtain his own insurance, as required by his mortgage agreement. Mr. Hutchings concedes Nationstar was authorized to obtain an LPI policy upon his failure to procure flood insurance, but he challenges Nationstar's exercise of its contractual right on two grounds: (1) the policy was allegedly improperly backdated to cover the entire period of

1

lapse on his property, rather than only the period after he was notified of the lapse; and, (2) the premium charged was excessive because it allegedly included a commission paid from the insurer to Nationstar. (ECF #21). On this basis, Mr. Hutchings contends that Nationstar and NM Holdings breached the mortgage agreement.

In August 2011, Mr. Hutchings refinanced his home in North Ridgeville, Ohio. Pursuant to the mortgage, Mr. Hutchings was required to maintain flood and hazard insurance on the property and, if he failed to do so, Nationstar had the right to purchase insurance to protect its collateral. When Nationstar contacted Mr. Hutchings concerning his lack of flood insurance in September 2012, Mr. Hutchings claimed a FEMA representative had informed him that the property was not in a flood zone, so flood insurance was not required. Nationstar did not agree. Because Mr. Hutchings did not obtain his own policy, Nationstar obtained an LPI policy with a one-year term from American Security Insurance Company ("ASIC"). Mr. Hutchings continued to object and then bought his own flood insurance on January 16, 2013, and provided Nationstar with proof of his insurance. Nationstar responded by letter two days later stating that its policy would be canceled effective February 15, 2013. It also indicated that Mr. Hutchings would be billed for a lapse of insurance coverage between July 9, 2012 and February 15, 2013. In February 2013, Nationstar sent Mr. Hutchings a letter notifying him that his loan was delinquent in the amount of $2,738.75. Mr. Hutchings tendered his regular monthly payments, without including the allegedly delinquent amount and, Nationstar rejected his payments on the mortgage.

Defendants assert that Mr. Hutchings' amended complaint should be dismissed on three grounds: (1) the complaint does not allege a viable contract claim in count one; (2) the complaint

does not allege a viable unjust enrichment claim in count two; and (3) the complaint does not allege a viable conversion claim in count three.

## STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430-434 (6th Cir. 2008). However, the court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

**1. Nationstar Mortgage Holdings**

Plaintiff agrees that NM Holdings is not a party to the mortgage agreement. However, Plaintiff contends that NM Holdings exercised complete domination and control over the affairs, activities, and operations of its subsidiary, Nationstar, in order to manage the alleged LPI scheme. Defendant contends that Plaintiff alleges no facts that would make NM Holdings liable for the breach of the mortgage and cannot "pierce the corporate veil" without allegations that NM Holdings had such control over Nationstar that it had no separate existence and that such control was used to commit a wrong.

Defendants' argument is not well-taken. In the amended complaint, Plaintiff specifically alleges that NM Holdings "exercises control over the force placed insurance activities of Nationstar Mortgage, LLC." (¶ 12). This allegation is sufficient to maintain a claim against NM Holdings at this stage of the proceedings.

### 2. Breach of Contract Claim

Plaintiff alleges Defendants breached the mortgage by improperly backdating the LPI policy, charging an unnecessary premium, receiving commissions or "kickbacks" from ASIC for arranging the LPI policy, and choosing an insurance policy in bad faith. Defendants contend Plaintiff's breach of contract claim is not viable because Plaintiff cannot enforce the mortgage he himself breached; the mortgage expressly permitted Nationstar to obtain coverage; Nationstar was authorized to "do and pay whatever is necessary" to protect the property; and Nationstar had no obligation under the mortgage contract to secure the least expensive LPI policy. This Court finds that Plaintiff's breach of contract claim presents unresolved issues of fact. Therefore, the claim will not be dismissed.

### 3. Unjust Enrichment and Conversion Claims

Defendants argue that Plaintiff's complaint does not allege viable unjust enrichment and conversion claims. However, this contention is without legal basis. A plaintiff is permitted to argue alternate theories of liability. Although a plaintiff may not obtain recovery on multiple theories of liability that have mutually exclusive legal standards of proof, a plaintiff is not precluded from arguing or pursuing multiple theories in the alternative throughout the course of the litigation. The facts as alleged do not preclude claims for breach of contract, unjust enrichment, or conversion. Because it cannot be determined at this time which claims, if any, may be supported by the facts as determined during discovery, all claims will remain until a later date.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss First Amended Complaint, (ECF #21), is hereby DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *October 16, 2013*